UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| **DANIEL BAIDEN**, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>**JP RECOVERY SERVICES, INC.**, )<br>)<br>Defendant ) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

DANIEL BAIDEN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against JP RECOVERY SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Maryland and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Germantown, Maryland 20874.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity and national debt collector with an office located at 20220 Center Ridge Road, Suite 200, Rocky River, OH 44116.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Debt collection is the principal purpose of Defendant's business.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this number as a cellular telephone number.

15. At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

16. Defendant called Plaintiff on a repetitive and continuous basis in attempt to collect an alleged debt.

17. Upon information and belief, the calls related to a personal debt and Plaintiff only has personal debts for personal, family, or household purposes.

18. When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

19. Plaintiff knew that Defendant's calls were automated as they started with a noticeable pause or delay with no caller on the line before transferring to a live representative or terminating.

20. Defendant's telephone calls were not made for "emergency purposes," but rather were placed with the intent of collecting a debt allegedly owed by Plaintiff.

21. Shortly after the calls started, Plaintiff demanded that Defendant stop placing calls to his cellular telephone number.

22. Defendant heard and acknowledged Plaintiff's request to stop calling, yet Defendant continued to call Plaintiff repeatedly, sometimes multiple times in a single day.

23. Once Defendant knew its calls were unwanted there was no lawful purpose for these continued calls.

24. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

25. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

26. Plaintiff found Defendant's repeated calls to be invasive, harassing, annoying, frustrating, and upsetting.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and automatic and/or pre-recorded messages.

29. Defendant's calls to Plaintiff were not made for "emergency purposes."

30. Defendant's calls to Plaintiff after Plaintiff revoked consent to call were made without "prior express consent."

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA**

34. A debt collector violates §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

35. A debt collector violates §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

36. Defendant violated these sections when it placed repeated and continuous harassing telephone calls to Plaintiff, and when it continued calling knowing that its calls were unwanted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DANIEL BAIDEN, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

  b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

  e. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  f. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  g. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

  h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DANIEL BAIDEN, demands a jury trial in this case.

Respectfully submitted,

DATED: January 24, 2020

By: <u>/s/ Amy Lynn Bennecoff Ginsburg</u>
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT